WRIGHT, FINLAY & ZAK, LLP
Edgar C. Smith, Esq.
Nevada Bar No. 5506
esmith@wrightlegal.net
Aaron D. Lancaster, Esq.
Nevada Bar No. 10115
alancaster@wrightlegal.net
7785 W. Sahara Ave., Suite 200
Las Vegas, NV, 89117
(702) 475-7967; Fax: (702) 946-1345
*Attorneys for Plaintiff, Bank of America, N.A.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., <br><br> Plaintiff, <br><br> vs. <br><br> OPERTURE INC., a corporation; BRIDGER INVESTMENT LLC, a Nevada limited liability company; GEORGE PETER LEE; ALESSI & KOENIG, LLC, a Nevada limited liability company; INDIGO HOMEOWNERS' ASSOCIATION, a Nevada non-profit corporation; and DOES I through X, and ROE CORPORATIONS I through X, inclusive, <br><br> Defendants. | Case No.: 2:16-cv-01692-APG-GWF <br><br> **STIPULATION AND ORDER FOR LIMITED STAY AS TO CLAIMS ASSERTED AGAINST INDIGO HOMEOWNERS' ASSOCITION** |

Plaintiff, Bank of America, N.A. ("BANA"), and Defendant, Indigo Homeowners' Association ("HOA"), by and through their respective counsels of record, hereby stipulates as follows in accordance with LR6-1 and LR 26-4.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the

parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). In deciding whether to grant a stay, a court may weigh the following: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

WHEREAS the above-captioned matter concerns claims regarding real property located at 9268 Lapeer St., Las Vegas, NV 89178-6295, APN 176-20-213-022 (the "Property").

WHEREAS, the Court entered an Order Granting Motion for Default Judgment [ECF No. 45] on February 7, 2018, against Defendants George Peter Lee and Bridger Investment LLC. After the entry of the Order Granting Motion for Default Judgment counsel made an appearance for the Defendant George Peter Lee [ECF No. 46].

WHEREAS, BANA and HOA agree that if the Order Granting Motion for Default Judgment is not set aside, overruled or modified the claims asserted by BANA against the HOA will be substantial affect or even moot. The parties further agree that a temporary stay regarding the claims asserted by BANA against the HOA in this case until the time period to set aside, appeal or amend the Order Granting Motion for Default Judgment has expired will preserve their own and judicial resources.

WHEREAS, this stipulation tolls any statute of limitations, the doctrine of laches or any other defense based on lapse of time; and this stipulation may be modified, amended, or supplemented only by an order from this Court.

NOW WHEREFORE, based on the foregoing,

IT IS HEREBY STIPULATED AND AGREED that staying this case regarding the

claims asserted by BANA against the HOA until the time period to set aside, appeal or amend the Order Granting Motion for Default Judgment has expired will enable the parties to present arguments and evidence to this Court at an appropriate time with complete legal authority, thereby promoting the most efficient use of the Court's and the parties' limited resources.

\ \ \

IT IS FURTHER STIPLATED AND AGREED that either party may file a written motion to lift stay at any time either party determines it appropriate, and either party may file an opposition to the motion.

IT IS FURTHER STIPULATED AND AGREED that all proceedings in this lawsuit regarding BANA's claims asserted against the HOA are stayed, and all upcoming deadlines, hearings and conferences, including the deadline for the HOA and BANA to file dispositive motions and the pre-trial order, shall be vacated pending the stay.

DATED THIS 28ᵀᴴ DAY OF MARCH, 2018

WRIGHT FINLAY & ZAK

By: /s/ Aaron D. Lancaster
    Aaron D Lancaster, Esq.
    Nevada Bar No. 10115
    7785 W. Sahara Ave, Suite 200
    Las Vegas, NV 89117
    *Plaintiff, Bank of America, N.A.*

DATED THIS 28ᵀᴴ DAY OF MARCH, 2018

LEACH JOHNSON SONG & GRUCHOW

By: /s/ T. Chase Pittenbarger
    Sean L. Anderson, Esq.
    Nevada Bar No. 7259
    T. Chase Pittsenbarger
    Nevada Bar No. 13740
    8945 W. Russell Road, Suite 330
    Las Vegas, NV 89148
    *Attorneys for Defendant Indigo Homeowners' Association*

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE
DATED: March 28, 2018